```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
LORRAINE PARRINELLO,

                    Plaintiff,
                                              MEMORANDUM & ORDER
         -against-                            17-CV-4351 (JS)

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                    Defendant.
--------------------------------------X
APPEARANCES
For Plaintiff:      Charles E. Binder, Esq.
                    Law Offices of Harry J. Binder
                      and Charles E. Binder, P.C.
                    60 East 42nd Street, Suite 520
                    New York, New York 10165

For Defendant:      David B. Myers, Esq.
                    Peter W. Jewett, Esq.
                    United States Attorney's Office
                    Eastern District Of New York
                    271 Cadman Plaza East
                    Brooklyn, New York 11201

                    Robert Randolph Schriver, Esq.
                    Social Security Administration
                    Office of the General Counsel
                    26 Federal Plaza, Room 3904
                    New York, New York 10278
```

SEYBERT, District Judge:

Plaintiff Lorraine Parrinello brings this action pursuant to Section 205(g) of the Social Security Act (42 U.S.C. § 405(g)), challenging the Commissioner of Social Security's denial of her application for disability insurance benefits. Presently pending before the Court are Plaintiff's motion for judgment on the pleadings, (Pl.'s Mot., Docket Entry 12), and the

Commissioner's cross-motion for judgment on the pleadings, (Def.'s Mot., Docket Entry 14). For the following reasons, the Commissioner's cross-motion is GRANTED and Plaintiff's motion is DENIED.

BACKGROUND[1]

Plaintiff applied for disability insurance benefits on May 29, 2009, alleging disability from January 1, 2005.[2] (R. 43.) Plaintiff noted many issues: fibromyalgia, Sjogren's syndrome, osteopenia, chronic bursitis of the left shoulder, irritable bowel syndrome (IBS), temporomandibular joint (TMJ) disorder, chronic deformity of her T8 vertebra, multiple disc herniations, left sciatic pain, and low back spasms. (R. at 123). After her application was denied on January 10, 2010, Plaintiff requested a hearing before an administrative law judge ("ALJ"), which took

---

[1] The background is derived from the administrative record filed by the Commissioner on November 28, 2017. (R., Docket Entry 10). "R." denotes the administrative record. For purposes of this Memorandum & Order, familiarity with the administrative record, including this Court's prior decision remanding the matter (Linser-Parrinello v Comm'r of Soc. Sec., 13-CV-4585, 2015 WL 1529833 (E.D.N.Y. Mar. 31, 2015), R. at 821-851), is presumed. The Court's discussion of the evidence is limited to the challenges and responses raised in the parties' briefs.

[2] The parties agree that to qualify for Social Security Disability benefits, a person must be (1) disabled and (2) insured for benefits. Plaintiff alleges she met these requirements until December 31, 2009, her "date last insured." To qualify for benefits, her disability must have begun on or before that date. To that end, this Order refers to the period between January 1, 2005 (the onset of disability) and December 31, 2009 as "the relevant period."

place on November 15, 2010. (R. at 53-59; 43.) Plaintiff was represented by counsel at the hearing and she was the only witness who testified. (R. at 43.)

On November 18, 2011, the ALJ issued his decision finding that Plaintiff was not disabled. (R. at 43-50.) Plaintiff sought a review of the ALJ's decision by the Appeals Council, (R. at 205-209), and submitted additional evidence in support of her request (R. at 285-95). On June 26, 2013, the Appeals Council denied her request. (R. at 1-6.) Plaintiff then asked this Court to review the ALJ's November 2011 decision.

Upon review, the Court remanded the matter to the ALJ for further proceedings, (R. at 821-851), "[b]ecause the ALJ did not clearly and fully identify his reasons for giving [Plaintiff's treating physician] Dr. Monetti's opinion little weight" (R. at 847). The Court explained that "the ALJ merely concluded . . . that Dr. Monetti's opinion was 'not consistent with the substantial evidence of record,' without discussing what specific evidence he was referring to and without addressing any of the factors for determining how much weight to afford a treating physician's opinion." (R. at 849, citing R. at 49.) The Court directed that "[o]n remand, the ALJ should explain [his finding that] Dr. Monetti's opinions . . . deserved 'little weight' and were inconsistent with the record." (R. at 849, citing Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999).) The Court, however, disagreed

3

with Plaintiff's argument that the ALJ had improperly assessed her credibility. (R. at 850.)

Upon remand, Plaintiff again appeared with counsel and testified at an administrative hearing before a different ALJ.[3] The ALJ found that Plaintiff was not disabled. (R. at 778.) This became the Commissioner's final decision when Plaintiff filed exceptions with the Appeals Council and it declined to assume jurisdiction. (R. 750-53.) The present action followed.

## DISCUSSION

I. Standard of Review

In reviewing the ruling of an ALJ, the Court does not determine de novo whether the plaintiff is entitled to disability benefits. Thus, even if the Court may have reached a different decision, it must not substitute its own judgment for that of the ALJ. See Jones v. Sullivan, 949 F.2d 57, 59 (2d Cir. 1991). If the Court finds that substantial evidence exists to support the Commissioner's decision, the decision will be upheld, even if evidence to the contrary exists. See Johnson v. Barnhart, 269 F. Supp. 2d 82, 84 (E.D.N.Y. 2003).

II. The ALJ's Decision

Here, the ALJ applied the familiar five-step process (see 20 C.F.R. §§ 404.1520, 416.920) and concluded that Plaintiff

---

[3] The hearing was held on May 9, 2016 before ALJ April M. Wexler who issued her decision on May 31, 2016. (R. at 759-78.)

4

was not disabled. (R. at 777). She found that (1) Plaintiff did not engage in substantial gainful activity during the relevant period (R. at 764); (2) she had severe impairments, including IBS, cervical spine disorder, thoracic spine disorder, lumbar spine disorder, left shoulder bursitis, fibromyalgia, and TMJ (R. at 764-65); (3) the impairments did not meet or equal the severity of any of the impairments listed in the Social Security Act (R. at 767); (4) Plaintiff had the residual functional capacity to perform sedentary work, but not her past relevant work as a court reporter (R. at 768, 776); and (5) there were jobs that existed during the relevant period that Plaintiff could have performed (R. at 777). Ultimately, the ALJ concluded that "[b]ased on the entire record, including the testimony of [Plaintiff] . . . the evidence fails to support the . . . assertions of total disability." (R. at 775.) The ALJ explained that "[d]espite the evidence demonstrating that [Plaintiff] has suffered from medically determinable "severe" impairments, the evidence also establishes that [she] retains the capacity to function adequately to perform many basic activities associated with work." (R. at 775.)

III. Analysis

Plaintiff now advances two arguments: (1) that the ALJ did not properly weigh the medical opinion evidence, specifically by not giving enough weight to the opinions of two treating physicians and not explaining her reliance on other opinions; and

5

(2) that the ALJ improperly found her testimony to be inconsistent with the medical evidence. (Pl.'s Br., Docket Entry 13, at 19, 28.) The Commissioner responds that the ALJ (1) properly weighed the opinions and detailed her rationale for assigning less weight to the treating physicians' opinions; and (2) properly evaluated Plaintiff's subjective complaints and credibility. (Def.'s Br., Docket Entry 15, at 21, 28.) The Court will focus on these arguments.

- A. The Treating Physician Rule and the ALJ's Weighing of the Medical Opinion Evidence

The "treating physician rule" provides that the medical opinions and reports of a claimant's treating physicians are to be given "special evidentiary weight." Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998). The regulations state:

> Generally, we give more weight to opinions from your treating sources . . . . If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

20 C.F.R. § 404.1527(c)(2) (emphasis supplied).[4] Nevertheless, the opinion of a treating physician "need not be given controlling

---

[4] "While the Act was amended effective March 27, 2017 [to eliminate the treating physician rule], the Court reviews the ALJ's decision under the earlier regulations because the Plaintiff's application was filed before the new regulations went into effect." Williams v. Colvin, No. 16-CV-2293, 2017 WL

6

weight where [it is] contradicted by other substantial evidence in the record." Molina v. Colvin, No. 13-CV-4701, 2014 WL 3925303, at *2 (S.D.N.Y. Aug. 7, 2014) (internal quotation marks and citations omitted).

When an ALJ does not afford controlling weight to the opinion of a treating physician, she must consider several factors: "(1) the length of the treatment relationship and frequency of the examination; (2) the nature and extent of the treatment relationship; (3) the extent to which the opinion is supported by medical and laboratory findings; (4) the physician's consistency with the record as a whole; and (5) whether the physician is a specialist." Schnetzler v. Astrue, 533 F. Supp. 2d 272, 286 (E.D.N.Y. 2008). The ALJ must also set forth "'good reasons' for not crediting the opinion of a [plaintiff's] treating physician." Id. "An application of the treating physician rule is sufficient when the ALJ provides 'good reasons' for discounting a treating physician's opinion that reflect in substance the factors as set forth in [Section] 404.1527(d)(2), even though the ALJ declines to examine the factors with explicit reference to the regulation." Crowell v. Comm'r of Soc. Sec., 705 F. App'x 34, 35 (2d Cir. 2017) ("While the ALJ did not explicitly discuss the treating physician

---

3701480, at *1 (E.D.N.Y. Aug. 25, 2017); see also 20 C.F.R. § 404.1527 ("For claims filed (see § 404.614) before March 27, 2017, the rules in this section apply. For claims filed on or after March 27, 2017, the rules in § 404.1520c apply.").

7

rule, he nonetheless stated that [the physician's] opinion . . . was contradictory to the rest of the record evidence.").

Here, Plaintiff produced medical opinion evidence from two treating physicians: Dr. Henry J. Monetti, a family practitioner, and Dr. Peter Rumore, a rheumatologist.[5] She argues that the ALJ did not properly credit their opinions or give good reasons for giving them less weight.[6]

1. Dr. Monetti

The ALJ explained that she gave "less weight" to Dr. Monetti's 2010 and 2011 opinions as to Plaintiff's physical capabilities and limitations because they were "inconsistent with [Plaintiff's] conservative course of treatment, [Plaintiff's] reported activities of daily living, as discussed in detail above [in the ALJ's decision], and physical examinations documenting a normal gait and station, 5/5 motor power in all extremities, normal

---

[5] The ALJ also considered medical evidence (opinions and records) from Drs. Laurence Mermelstein (orthopedic surgeon); Mike Pappas (SSA consultative examiner certified in physical medicine and rehabilitation); Haddon C. Alexander III (impartial medical expert specializing in rheumatology); Donald Goldman (impartial medical expert specializing in orthopedic surgery); Ray Haag (orthopedic surgeon); Arain Nawaz (gastroenterologist); and Andrew Brown (physical medicine and rehabilitation).
(R. 770-75).

[6] In her prior action, Plaintiff argued that the ALJ had not given proper weight to the opinions of treating physicians Dr. Monetti and Dr. Mir. Curiously, in the prior action, she did not take issue with the ALJ's failure to even mention Dr. Rumore's opinion, despite her current contention that remand is required because this ALJ assigned "less weight" to it.

8

sensation, and negative straight leg raising." (R. at 774.) She further noted that Dr. Monetti "did not indicate whether these limitations applied during the period at issue" and that he was "not a specialist." (R. at 774). Moreover, the ALJ noted, the 2011 opinion was rendered two years after the relevant period. The ALJ also assigned less weight to Dr. Monetti's 2016 opinion regarding Plaintiff's physical capabilities and limitations because, again, it was inconsistent with other record evidence, and further, because it was rendered six years after the relevant period. (R. at 774-75.)

The ALJ thus specifically referenced the third, fourth, and fifth factors (extent to which the opinion is supported by medical and laboratory findings, physician's consistency with the record as a whole, and whether the physician is a specialist) with respect to Dr. Monetti's opinions and included an additional factor (that some of the opinions were rendered well after the relevant period) in her explanation. Moreover, the ALJ's decision recounted, in detail, the factors that she weighed Dr. Monetti's opinions against.

Specifically, the ALJ found Plaintiff's course of treatment was "only routine, conservative care for her impairments consisting primarily of medication management" with mostly over-the-counter medication such as Tylenol, aspirin, and Pepto-Bismol. (R. at 772-73.) She had no surgery during the relevant period and

9

had been hospitalized only once in 2004 for abdominal pain. (R. at 773.) She had a colon resection and stent placement, but these occurred after the date last insured. (R. at 773.)

Her typical daily activities "consisted of straightening up the house, getting dressed, going to the supermarket, and walking 2 or 3 blocks for exercise." (R. at 769). She sometimes put laundry into the washing machine and she visited family often. (R. at 769.) In 2009, she had reported "work[ing out] with weights and . . . cardio training two to three times per week" and in 2005 had stated she was "mildly fatigued but in general had been well and very active working out in the gym 3 days a week." (R. at 770.) She could "dress and shower herself as well as cook, clean, load the dishwasher, make beds, and shop independently." (R. at 772.)

The ALJ also referenced several physical examinations. For example, "[a] 2007 [computerized tomography (CT)] scan of the neck, abdomen and pelvis indicated only mild degenerative changes of the cervical and lumbar spine." (R. at 770.) Two other CT scans showed "scattered diverticula" and "no evidence of acute diverticulitis," and an examining gastroenterologist noted that Plaintiff's "gastrointestinal study was essentially unremarkable." (R. at 770.) A 2005 report from a rheumatologist showed "5/5 muscle strength, normal exam of the abdomen, tenderness of the wrist without swelling, decreased cervical range of motion,

negative straight leg raising, and grossly intact neurological exam." (R. at 770.) A consultive internist examined her in 2009 and opined that she had "no limitations in sitting and is merely mildly limited in her ability to stand, walk, reach, push, pull, lift, climb, and bend." (R. at 771.)

The Court thus concludes that the ALJ adequately explained factors she considered in assigning less weight to Dr. Monetti's opinions and gave "good reasons" for doing so.

2. Dr. Rumore

The ALJ also gave less weight to Dr. Rumore's opinion on Plaintiff's physical capabilities and limitations because it was not consistent with Plaintiff's course of treatment, reported daily activities, and physical examinations. (R. at 775.) The ALJ further determined Dr. Rumore's opinion that Plaintiff was "unable to do full time work in a competitive environment in any capacity" was "vague and d[id] not provide specific vocational limitations." (R. at 775.)

For the reasons already stated with respect to Dr. Monetti, along with the ALJ's conclusion that Dr. Rumore's opinion on Plaintiff's work capacity was vague and conclusory, the Court finds that the ALJ gave good reasons for assigning less weight to Dr. Rumore's opinion.

11

B. <u>The ALJ's Determination of Plaintiff's Credibility</u>

As this Court noted in its prior remand order, "'the ALJ has discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence.'" <u>Mollo v. Barnhart</u>, 305 F. Supp. 2d 252, 263-64 (E.D.N.Y. 2004) (quoting <u>Marcus v. Califano</u>, 615 F.2d 23, 27 (2d Cir. 1979); <u>Fiumano v. Colvin</u>, No. 13-CV-2848, 2013 WL 5937002, at *9 (E.D.N.Y. Nov. 4, 2013) ("An ALJ is not required to accept a claimant's testimony regarding the severity and persistence of his symptoms as true, but rather can evaluate the credibility of a claimant to arrive at an independent judgment based on the medical findings and other evidence").[7]

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. at 769.) The ALJ determined that the record did

---

[7] Notably, in the prior remand Order, this Court found that the ALJ did not improperly assess Plaintiff's credibility, and that the ALJ provided "specific examples of activities Plaintiff engaged in which tend[ed] to show that she is not disabled." (R. at 850-51.) This Court is mindful that two ALJs have independently concluded that Plaintiff's own account of her daily activities and physical capabilities contradicted her claim of total disability.

12

"not support [Plaintiff's] allegations of complete disability." (R. at 769.)

Plaintiff argues that the ALJ used "boilerplate language" and "failed to give sufficient reasons for discounting [her] statements regarding her symptoms and limitations." (Pl.'s Br. at 28.) She further contends that the ALJ "mischaracterized the record by concluding that [she] gave testimony consistent with the requirements of sedentary work." (Pl.'s Br. at 28.) As the Commissioner contends, the ALJ actually found that Plaintiff's self-reported "ability to sit for 30 minutes, stand for 30 minutes, and walk a couple of blocks at a time does not tend to preclude sedentary work." (R. at 772.)

The ALJ again looked to Plaintiff's conservative course of treatment, daily activities, and physical examinations, as discussed above, in determining that her description of her symptoms and limitations was not consistent with other record evidence. These are sufficient reasons to question Plaintiff's credibility. "Thus, the ALJ's credibility determination is entitled to 'great deference' as it was not 'patently unreasonable.'" Thompson v. Comm'r of Soc. Sec., No. 16-CV-6968, 2018 WL 1558270, at *1 (E.D.N.Y. Mar. 28, 2018) (quoting Pietrunti v. Dir., Office of Workers' Comp. Programs, 119 F.3d 1035, 1042 (2d Cir. 1997)).

13

## CONCLUSION

For the foregoing reasons, the Commissioner's cross-motion (Docket Entry 14) is GRANTED and Plaintiff's motion (Docket Entry 12) DENIED. The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November 20, 2018
      Central Islip, New York